

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| NARMINA SNOW, | § | No. 08-23-00043-CV |
| Appellant, | § | Appeal from the |
| v. | § | 459th Judicial District Court |
| VINCENT SNOW, | § | of Travis County, Texas |
| Appellee. | § | (TC# D-1-FM-21-000956) |

## **MEMORANDUM OPINION**

Before this Court is the parties' joint motion to dismiss this appeal.[1] The parties ask that we dismiss the appeal and "render judgment on their agreement, set aside the final decree of divorce, and remand to the trial court to enter a modified decree of divorce in conformity with [their] agreement."

Texas Rule of Appellate Procedure 42.1 provides the actions a court may take to dispose of an appeal when parties enter settlement agreements in civil cases. When parties file an agreement signed by all parties or their attorneys, the court may: "(A) render judgment effectuating the parties' agreement; (B) set aside the trial court's judgment without regard to the merits and

---

[1] This case was transferred from the Third Court of Appeals pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001. We follow the precedent of the Third Court of Appeals to the extent it might conflict with our own. *See* TEX. R. APP. P. 41.3.

remand the case to the trial court for rendition of judgment in accordance with the agreement; or (C) abate the appeal and permit proceedings in the trial court to effectuate the agreement." TEX. R. APP. P. 42.1(a)(2)(A)–(C).

After reviewing the motion and attached agreement, which has been signed by both parties and their attorneys, we conclude that the substance of the agreement seeks a remand rather than a dismissal. [2] Therefore, we grant the motion, set aside the trial court's judgment without consideration of the merits, and remand the case to the trial court for rendition of judgment in accordance with the parties' agreement. *See* TEX. R. APP. P. 42.1(a)(2)(B). Costs of this appeal are taxed against Appellant. *See* TEX. R. APP. P. 42.1(d).

LISA J. SOTO, Justice

March 23, 2023

Before Rodriguez, C.J., Palafox, and Soto, J.J.

---

[2] The parties cite to "Rule 42(a)(2)" in their motion. However, there is no such rule. Instead, we construe the motion as a Rule 42.1(a)(2)(B) motion for settlements in civil cases, which provides for the relief the parties seek.

2